**CALDWELL FINANCE CO.,**
Appellant,

v.

**Samuel A. McALLISTER, Trustee in Bankruptcy of the Estate of Oscar Herman Herreid, Bankrupt, Appellee.**

**No. 14453.**

United States Court of Appeals
Ninth Circuit.

Oct. 10, 1955.

Barzee, Leedy, Keane & Erwin, Warde H. Erwin, Portland, Ore., for appellant.

F. Brock Miller, Edward A. Boyrie, Portland, Or., for appellee.

Before HEALY, ORR and POPE, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an order of the district court affirming an order of a referee in bankruptcy holding that an alleged conditional sale contract claimed by appellant Caldwell Finance Company was in the nature of an unrecorded chattel mortgage, hence was void as against the bankruptcy trustee.

Briefly, summarized, the facts are these: At the time of his adjudication in bankruptcy on October 27 of 1953 the bankrupt (a dealer in cars and trucks) was in possession of two International pickup trucks stored for sale on his premises. These he delivered to the referee at the first meeting of creditors. In 1952 the bankrupt had given to appellant as security for an indebtedness a chattel mortgage upon a Mack diesel tractor which he owned. The mortgage was duly recorded. In July of 1953, with appellant's consent, the bankrupt had traded the tractor to the International Harvester Company for five used trucks, two of which the bankrupt im-

mediately sold, applying the proceeds of sale upon his indebtedness to appellant. The payments left a balance of $2,000 owing the latter.

To secure this balance certain instruments pertaining to the three remaining trucks were delivered to appellant, (1) bills of sale executed by International conveying the three trucks to the bankrupt and appellant, in each of which bills of sale International warranted the title to be free from encumbrances "except a lien in favor of Caldwell Finance Co."; and (2) the certificates of title to the three trucks with the name of the bankrupt as transferee inserted on the back of each certificate. Another document, also, was delivered to appellant, this being in form a contract of conditional sale which on its face was drawn between International and the bankrupt. The latter had signed this contract, but International declined to execute it or to assign it to appellant. The three trucks were described in the printed form, and also inserted in the form was the contract price of $2,000 (the balance then owing appellant by the bankrupt) payable in installments with interest at ten percent per annum. On August 5, 1953 the bankrupt sold one of the trucks for $800 and turned the money over to appellant, leaving a balance of $1,200 unpaid on the indebtedness. There is no evidence that appellant at any time prior to the adjudication in bankruptcy had any of the trucks in its possession.

In Oregon there is no requirement of recording or filing a conditional sale contract. But the statutes there provide that every mortgage or other instrument intended as a mortgage on undelivered personal property, which is not duly recorded, is void as against subsequent good faith purchasers. Here, the obvious aim of appellant was to substitute the newly acquired trucks as security for its claim in lieu of the released tractor. To accomplish this end it sought to place itself in the position of vendor of the acquired trucks under a conditional sale contract, which instrument, it was anticipated, would thereupon be assigned to appellant by the actual vendor, International. However, the anticipated transaction was never consummated. International quite appropriately refused to execute or assign the contract since the instrument did not reflect the true arrangement it had made. Its sale of the trucks was unconditional, and no money was owing to it.

Appellant's argument is that the intention of the parties governs, and where the intention to give a conditional sale contract is clear the intent is to be given effect. In support of the argument it cites as its principal reliance the case of Kliks v. Courtemanche, 150 Or. 332, 43 P.2d 913, and particularly a passage in that opinion appearing at page 341 and 916 respectively. There the court quoted from Corpus Juris to the following effect: " 'Whether a transaction constitutes a chattel mortgage or a conditional sale ultimately depends on the intention of the parties, which must be ascertained from their conduct and the attendant circumstances, as well as from the terms of the agreement. Further, the intention must be collected from the entire transaction and not from any particular feature of it, and from the actual agreement of the parties and not from their characterization of it, although the construction placed on the contract by the parties is properly considered. The form of the instrument is of little importance. A contract of conditional sale will not be regarded as a chattel mortgage merely because it is recorded as such.' "

In the Kliks case the alleged conditional seller was in fact the seller. He sold and delivered to one Phelps a mower on open account. Some months later he obtained from Phelps a title-retaining note for $277, of which $105 represented the purchase price of the mower. The remainder of the note represented various items, including an open account and certain deficiencies owing on equipment previously sold Phelps. The court held against the seller's claim that the instrument was a valid conditional sale contract, but determined rather that it was in the nature of a chattel mortgage and subject to the

recording acts. It said, 150 Or. at page 346, 43 P.2d at page 918 of the opinion: "We are unwilling to extend our conception of what may constitute a conditional sale contract to include the transaction between Phelps and the defendant culminating in the execution of the instrument of December 5, 1931. Conditional sale contracts are affected with secretiveness by nature, and their function can be much abused. They should not be employed to displace chattel mortgages which to afford protection to the mortgage must be recorded."

In light of the circumstances in the case before us no conclusion could rationally be arrived at other than that reached by the referee. The order below is accordingly affirmed.